

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00236-CR

---

JOSEPH DARNELL KING, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 081787-D-CR, Honorable Steven Denny, Presiding

---

July 27, 2026

MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Joseph Darnell King, appeals from the trial court's judgment revoking his community supervision for consuming alcohol in violation of the terms of his probation. Following revocation of his deferred adjudication for possession of a controlled substance,[1] the trial court sentenced him to two years of confinement. His court-

---

[1] *See* TEX. HEALTH & SAFETY CODE § 481.115(b).

appointed counsel has filed an *Anders*[2] brief concluding that no arguable grounds for reversal exist. After conducting an independent review of the record and considering Appellant's pro se response, we agree and affirm.

## BACKGROUND

Appellant's community supervision began on May 10, 2022, when he pleaded guilty to possession of a controlled substance in an amount less than one gram. The trial court placed him on deferred adjudication for three years. On April 20, 2023, the court extended supervision for two additional years following offenses of public intoxication and possession of drug paraphernalia. Among the conditions of his supervision, Appellant was required to abstain from consuming alcohol in any form at any time.

On May 22, 2025, officers arrested Appellant for assault causing bodily injury to a family member and alleged that he was under the influence of alcohol during the incident. The State moved to proceed with adjudication, alleging Appellant violated his supervision by both committing the assault and consuming alcohol. At the adjudication hearing, the State waived the assault allegation and proceeded only on the alcohol-consumption violation, to which Appellant pleaded "not true."

The State presented testimony from two responding officers and Appellant's probation officer. Both officers testified that Appellant's breath smelled of alcohol and that his behavior was consistent with intoxication. Body-camera footage from one officer captured the family-member victim stating that Appellant had been drinking Hennessy.

---

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). When appointed appellate counsel, after a conscientious examination of the record, concludes that an appeal is frivolous, counsel must file a brief identifying anything in the record that might arguably support the appeal. *Id.*

The probation officer recommended revocation, though the State acknowledged mid-trial that a urinalysis conducted the day after arrest was negative for alcohol.

Appellant, his uncle, and his girlfriend testified in his defense. The uncle testified that during the incident he inadvertently spilled beer on Appellant while attempting to intervene. Appellant's girlfriend testified that others at the residence were drinking, but Appellant was not. Appellant testified that a missing tooth causes him to speak with what sounds like a lisp or slurred speech and that he was taking medications that may have made him appear intoxicated. The trial court found the alcohol-consumption violation true, revoked probation, and imposed the original two-year sentence.

### ANDERS FRAMEWORK

An *Anders* brief must present a professional evaluation of the record and explain why the appeal presents no arguable grounds for reversal. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Counsel need not identify specific arguable points where none exist, but the brief must include record references and pertinent legal authorities. *Id.*; *Davis v. State*, 683 S.W.3d 828, 829–30 (Tex. App.—Amarillo 2023, no pet.). Although his discussion of the potential issues on appeal is thin, appellate counsel's brief meets these requirements.

Counsel also certified that he notified Appellant of the *Anders* filing, provided copies of the brief and motion to withdraw, informed Appellant of his right to file a pro se response and to seek discretionary review, and delivered the appellate record. Appellant filed a pro se response raising three complaints. We address each below.

Appellant's pro se response raises claims of innocence, ineffective assistance of counsel, and an alleged *Brady* violation.[3] None presents an arguable ground for reversal. The innocence claims reassert the defense the trial court rejected at the revocation hearing. Because they identify no appellate error, they present nothing for our review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

The *Brady* claim rests on Appellant's contention that the State did not disclose until trial that his post-incident urinalysis was negative for alcohol. Whatever the merits of that contention, the complaint was not preserved for our review. To preserve a *Brady* complaint, a defendant must alert the trial court to the alleged violation through a timely request for continuance, objection, or motion for new trial. *Keeter v. State*, 175 S.W.3d 756, 759–60 (Tex. Crim. App. 2005) (holding appellant cannot raise a *Brady* complaint for the first time on appeal); *Temple v. State*, 342 S.W.3d 572, 591 (Tex. App.—Houston [14th Dist.] 2010), *aff'd on other grounds*, 390 S.W.3d 341 (Tex. Crim. App. 2013) (finding no preservation where appellant did not complain regarding the State's untimely disclosure as soon as grounds for an objection or complaint were apparent); *Apolinar v. State*, 106 S.W.3d 407, 421 (Tex. App.—Houston [1st Dist.] 2003), *aff'd on other grounds*, 155 S.W.3d 184 (Tex. Crim. App. 2005) ("When evidence withheld in violation of *Brady* is disclosed at trial, the defendant's failure to request a continuance waives the error or at least indicates that the delay in receiving the evidence was not truly prejudicial.").

---

[3] *See Brady v. Maryland*, 373 U.S. 83, 90, 83 S. Ct. 1194, 1198, 10 L. Ed. 2d 215 (1963). We note that Texas prosecutors are also under an obligation, in certain circumstances, to produce evidence in the "possession, custody, or control of the state or any person under contract with the state." *See State v. Heath*, 696 S.W.3d 677, 700 (Tex. Crim. App. 2024) (discussing TEX. CODE CRIM. PROC. § 39.14, *et seq.*).

4

The ineffective-assistance claim fails on this record. Appellant contends counsel was ineffective for not timely objecting to the alleged *Brady* violation. Direct appeal is ordinarily an inappropriate vehicle for such a claim because the record rarely contains an explanation of counsel's strategic decisions. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (holding that because the record on direct appeal typically fails to discuss the reasonableness of counsel's choices and facts that appear outside the record, "an application for a writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims."); *Tones v. State*, No. 03-04-00288-CR, 2005 Tex. App. LEXIS 2387, at *9 n.1 (Tex. App.—Austin Mar. 31, 2005, pet. ref'd, untimely filed) (same holding in case involving allegations of ineffective assistance of counsel and *Brady* violations). Nothing in the present appellate record would overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984).

We have carefully reviewed the record, counsel's *Anders* brief, and Appellant's pro se response. Our independent review confirms appellate counsel's assessment that the appeal is wholly frivolous and without merit. *Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005). Proof of any single violation of the conditions of community supervision is sufficient to support revocation. *Shirley v. State*, No. PD-0239-22, 2023 Tex. App. Unpub. LEXIS 369, at *14 (Tex. Crim. App. Aug. 23, 2023).

Finding no arguable ground for appellate review, we grant counsel's motion to withdraw and affirm the trial court's judgment.[4]

Lawrence M. Doss<br>
Justice

Do not publish.

---

[4] Counsel shall, within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is informational and ministerial in nature, does not involve legal advice, and continues after this Court grants counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.